NO. 21-16929

In The

# United States Court of Appeals

For The Ninth Circuit

## FRANCISCO DUARTE,

*Plaintiff – Appellant*,

v.

## CITY OF STOCKTON, *ET AL.*,

*Defendants – Appellees*.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
NO. 2:19-CV-00007-MCE-CKD, HON. MORRISON C. ENGLAND, JR.

———————

AMICUS BRIEF OF INSTITUTE FOR JUSTICE
SUPPORTING APPELLANT AND REVERSAL

———————

Marie Miller
Anya Bidwell
Patrick Jaicomo
INSTITUTE FOR JUSTICE
901 North Glebe Road, Suite 900
Arlington, Virginia 22203
(703) 682-9320
mmiller@ij.org
abidwell@ij.org
pjaicomo@ij.org

*Counsel for Amicus Curiae Institute for Justice*

THE LEX GROUP ♦ 1108 East Main Street ♦ Suite 1400 ♦ Richmond, VA 23219
(804) 644-4419 ♦ (800) 856-4419 ♦ Fax: (804) 644-3660 ♦ www.thelexgroup.com

# CORPORATE DISCLOSURE STATEMENT

*Amicus Curiae* the Institute for Justice is not a publicly held corporation and does not have a parent corporation, and no publicly held corporation owns any portion of its stock. *See* Fed. R. App. P. 26.1(a).

Dated:  April 19, 2022

/s/ Marie Miller
Marie Miller

*Counsel for Amicus Curiae*
*Institute for Justice*

# TABLE OF CONTENTS

**Page**

CORPORATE DISCLOSURE STATEMENT............................................i

TABLE OF AUTHORITIES....................................................iv

IDENTITY AND INTEREST OF AMICUS CURIAE ...........................1

ARGUMENT ...................................................................2

    I.    No favorable-termination rule applies to Duarte's claims...................................................................6

        A.    The *Heck* bar does not apply because the claims do not imply that a conviction is invalid. ..........................7

            i.    *Heck* does not apply without a conviction. ...........7

            ii.    Duarte was not convicted.....................................9

            iii.    Even if Duarte's plea agreement is treated as a "conviction," *Heck* would still not apply. .........11

        B.    The *McDonough* rule does not apply because the claims do not directly challenge the prosecution. .......13

            i.    *McDonough* applies only to claims that directly challenge the prosecution itself.............14

            ii.    These claims do not challenge the prosecution. .......................................................15

            iii.    Even if the *McDonough* rule applied, it would not preclude Duarte's claims because the prosecution terminated in Duarte's favor. .........17

C.    The district court's decision exceeds the limits of both the *Heck* bar and the *McDonough* rule ...............18

II.  The district court's decision imposes a burdensome penalty that threatens the criminal-justice system's integrity and undermines government accountability...........22

CONCLUSION .........................................................25

CERTIFICATE OF COMPLIANCE.......................................26

# TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*Brownback v. King,*
   141 S. Ct. 740 (2021)................................................................................1

*Byrd v. Lamb,*
   990 F.3d 879 (5th Cir. 2021), *cert. petition filed* (Aug. 6, 2021)...........1

*Cabot v. Lewis,*
   241 F. Supp. 3d 239 (D. Mass. 2017)..................................................21

*Cohen v. Longshore,*
   621 F.3d 1311 (10th Cir. 2010)...........................................................12

*Gilles v. Davis,*
   427 F.3d 197 (3d Cir. 2005) ...................................................18, 19, 20

*Heck v. Humphrey,*
   512 U.S. 477 (1994)..................................................................... *passim*

*Manuel v. City of Joliet,*
   137 S. Ct. 911 (2017).....................................................................4, 15

*Martin v. City of Boise,*
   920 F.3d 584 (9th Cir. 2019).........................................................3, 6, 12

*McClish v. Nugent,*
   483 F.3d 1231 (11th Cir. 2007)...............................................19, 20, 21

*McDonough v. Smith,*
   139 S. Ct. 2149 (2019)................................................................. *passim*

*Mitchell v. Kirchmeier,*
   28 F.4th 888 (8th Cir. 2022) ....................................................1, 19, 20

iv

*Monell v. Dep't of Soc. Servs.,*
    436 U.S. 658 (1978) .................................................................................. 24

*Monroe v. Pape,*
    365 U.S. 167 (1961) .................................................................................. 24

*Muhammad v. Close,*
    540 U.S. 749 (2004) .................................................................................. 19

*Patsy v. Bd. of Regents,*
    457 U.S. 496 (1982) .................................................................................... 8

*Pollreis v. Marzolf,*
    9 F.4th 737 (8th Cir. 2021), *cert. denied,*
    142 S. Ct. 904 (2022) ................................................................................. 1

*Preiser v. Rodriguez,*
    411 U.S. 475 (1973) .................................................................................... 9

*Proventud v. City of New York,*
    715 F.3d 57 (2d Cir. 2013) ...................................................................... 12

*Proventud v. City of New York,*
    750 F.3d 121 (2d Cir. 2014) .................................................................... 12

*Roberts v. City of Fairbanks,*
    947 F.3d 1191 (9th Cir. 2020) ................................................................... 4

*Savory v. Cannon,*
    947 F.3d 409 (7th Cir. 2020) (en banc) .................................................. 12

*Smalls v. Collins,*
    10 F.4th 117 (2d Cir. 2021) .............................................................. 19, 20

*Spencer v. Kemna,*
    523 U.S. 1 (1998) ..................................................................................... 12

*S.E. v. Grant Cnty. Bd. of Educ.*,
   544 F.3d 633 (6th Cir. 2008) ...................................................... 19, 20

*Tanzin v. Tanvir*,
   141 S. Ct. 486 (2020) ............................................................... 1

*Thompson v. Clark*,
   142 S. Ct. 1332 (2022) ....................................................... *passim*

*Utah v. Strieff*,
   136 S. Ct. 2056 (2016) ............................................................. 23

*Utz v. Cullinane*,
   520 F.2d 467 (D.C. Cir. 1975) .............................................. 23

*Vasquez Arroyo v. Starks*,
   589 F.3d 1091 (10th Cir. 2009) ..................................... 19, 20

*Wallace v. Kato*,
   549 U.S. 384 (2007) ........................................................... *passim*

## Codes

28 U.S.C. § 2254 ..................................................................... 7

42 U.S.C. § 1983 .......................................................... *passim*

Cal. Penal Code § 148(a)(1) ................................................. 2

## Rules

Fed. R. App. P. 28(a)(4)(E) ................................................ 1

Fed. R. App. P. 29(a)(2) ..................................................... 1

**Other Authorities**

Bryan A. Garner & Henry Campbell Black,
  *Black's Law Dictionary*, Thomson Reuters (11th ed. 2019)...............18

## IDENTITY AND INTEREST OF AMICUS CURIAE[1]

The Institute for Justice (IJ) is a nonprofit, public-interest law firm dedicated to defending the foundations of a free society. One of those foundational principles is the American people's ability to hold the government and its officials accountable for conduct that violates individuals' constitutional rights. IJ represents clients in cases (like this one) concerning the scope of government accountability,[2] and it regularly files amicus briefs on the topic.[3]

Part of IJ's mission is to remove procedural barriers to the enforcement of constitutional rights. By applying the procedural bar of *Heck v. Humphrey*, 512 U.S. 477 (1994), to Francisco Duarte's claims, the district court here created a new barrier to enforcing constitutional rights. IJ

---

[1] No party's counsel authored any part of this brief, and no one other than Amicus Institute for Justice contributed money for this brief's preparation or submission. *See* Fed. R. App. P. 28(a)(4)(E). The appellant Francisco Duarte consented to the filing of this brief. The appellees declined to give their consent. *See* Fed. R. App. P. 29(a)(2).

[2] *See, e.g.*, *Brownback v. King*, 141 S. Ct. 740 (2021); *Byrd v. Lamb*, 990 F.3d 879 (5th Cir. 2021), *cert. petition filed* (Aug. 6, 2021); *Pollreis v. Marzolf*, 9 F.4th 737 (8th Cir. 2021), *cert. denied*, 142 S. Ct. 904 (2022) (mem.).

[3] *See, e.g.*, *Thompson v. Clark*, 142 S. Ct. 1332 (2022); *Tanzin v. Tanvir*, 141 S. Ct. 486 (2020); *Mitchell v. Kirchmeier*, 28 F.4th 888 (8th Cir. 2022).

1

thus has an interest in this Court's review and reversal of the district court's decision, which departs from Supreme Court and Ninth Circuit precedent.

## ARGUMENT

This appeal concerns Francisco Duarte's ability to bring § 1983 claims for false arrest and excessive force against law-enforcement officials who allegedly injured him during a melee near an outdoor Cinco de Mayo celebration. After observing police officers pile on top of a man, Duarte found himself tackled by one officer, who then pressed his knees into Duarte's neck and back. Another officer then beat Duarte's leg with a baton, breaking it. Doc. 60-7 at 12, 17–18. A prosecutor ultimately charged Duarte with resisting or obstructing an officer in the discharge of a duty. Cal. Penal Code § 148(a)(1); Doc. 17-3 at 28–30.

Duarte entered an agreement with the prosecutor, agreeing to plead no contest, stay out of trouble, and complete 10 hours of community service in exchange for dismissal of the criminal case. Duarte indeed pleaded no contest, and the criminal court held that plea in abeyance while Duarte upheld the rest of his side of the bargain. Then Duarte's case was dismissed; it never reached a judgment.

Duarte later sued various police officers, the police department, and the City of Stockton. He brought—as relevant here—claims under 42 U.S.C. § 1983 for false arrest and excessive force in violation of the Fourth Amendment. Doc. 16 at 11–15, 17. The district court held that these claims are barred under the Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994). Doc. 35 at 8–9. But the district court's interpretation of the *Heck* bar is inconsistent with Supreme Court and Ninth Circuit precedent.

*Heck* prevents a plaintiff from bringing a § 1983 claim that, if successful, would necessarily imply the invalidity of a conviction or sentence. *Heck*, 512 U.S. at 486–87. Also, under this Court's precedent, *Heck* applies only when a plaintiff could seek habeas relief or invalidation of the conviction through direct appeal or state post-conviction relief. *See Martin v. City of Boise*, 920 F.3d 584, 613 (9th Cir. 2019). Duarte's claims cannot impugn a conviction or sentence because the criminal case against him was dismissed; no judgment was entered. He also could not seek habeas relief because he was never imprisoned, and he could not seek state-court invalidation of a conviction that never existed. So the district court erred in applying the *Heck* bar.

3

The district court's misapplication of the *Heck* bar closely resembles a different so-called "favorable termination" rule,[4] arising out of the Supreme Court's decision in *McDonough v. Smith*, 139 S. Ct. 2149 (2019). Unlike the *Heck* bar, the *McDonough* rule can apply without a conviction. 139 S. Ct. at 2160. It prevents a plaintiff from bringing a § 1983 claim that directly challenges an underlying prosecution—that is, the legal process initiated against the accused[5]—unless that prosecution has ended in

---

[4] Both the *Heck* bar and the *McDonough* rule have been said to include a "favorable termination" requirement. *See McDonough*, 139 S. Ct. at 2157, 2160. But these rules are different. The favorable-termination requirement of *Heck* is this: If a § 1983 claim impugns a criminal judgment or sentence, the claim is barred unless the judgment or sentence has terminated in the accused's favor—through expungement, reversal on direct appeal, a writ of habeas corpus, or invalidation in state post-conviction proceedings. *See Heck*, 512 U.S. at 486–87. The favorable-termination requirement of *McDonough* is this: A § 1983 claim that impugns the criminal legal process itself does not accrue unless and until the criminal proceeding has terminated without a conviction. *See McDonough*, 139 S. Ct. at 2159; *Thompson*, 142 S. Ct. at 1341 (S. Ct. 2022). Amicus refers to the favorable-termination requirement of *Heck* as "the *Heck* bar" and the favorable-termination requirement of *McDonough* as "the *McDonough* rule." *See generally Roberts v. City of Fairbanks*, 947 F.3d 1191, 1201 (9th Cir. 2020) ("*Heck*'s favorable-termination requirement is distinct from the favorable-termination element of a malicious prosecution claim.").

[5] *See Wallace v. Kato*, 549 U.S. 384, 389 (2007) (observing the start of legal process as a magistrate's finding of probable cause); *Manuel v. City of Joliet*, 137 S. Ct. 911, 914 (2017) (observing the start of legal process as the judge's determination of probable cause).

the accused's favor. *Id.* at 2159; *see also Thompson v. Clark*, 142 S. Ct. 1332, 1341 (2022). The *McDonough* rule cannot apply here because the claims do not directly challenge the prosecution itself. Even if the *McDonough* rule were to apply, it would not preclude Duarte's claims because the prosecution ended in his favor—that is, without a criminal conviction. *See Thompson*, 142 S. Ct. at 1341.

The district court's ruling creates a new, hybrid rule by extending both the *Heck* bar and the *McDonough* rule. It extends *Heck* beyond claims that impugn a criminal conviction and beyond plaintiffs who could challenge their convictions directly through habeas or state post-judgment remedies. And it extends the *McDonough* rule beyond claims that challenge the criminal legal process itself and beyond plaintiffs whose prosecutions ended unfavorably, in a conviction. As a result, the district court's decision is a shield against government accountability under § 1983 that has no backing in Supreme Court precedent, much less the text and purpose of § 1983. If accepted, the district court's decision would prevent vindication of constitutional rights for a large group of people: those who faced criminal charges that were dismissed through an

agreement. Neither § 1983, nor *Heck*, nor *McDonough* were fashioned to produce that result.

## I.  No favorable-termination rule applies to Duarte's claims.

The *Heck* bar and *McDonough* rule reflect some common concerns, but they are distinct doctrines that the Supreme Court has applied only to specific kinds of § 1983 claims. The *Heck* bar applies only to § 1983 claims that would necessarily imply the invalidity of a conviction or sentence. *Heck*, 512 U.S. at 486. The *McDonough* rule, by contrast, applies in the absence of a conviction or sentence, but only to claims that "directly challenge[] . . . the prosecution itself"—that is, how criminal charges were prosecuted against the accused. *McDonough*, 139 S. Ct. at 2159; *Wallace v. Kato*, 549 U.S. 384, 389 (2007). Neither doctrine applies here because Duarte was never convicted and does not challenge the legal process brought against him. Even if he had been convicted, *Heck* would not apply because Duarte had no opportunity to invalidate a conviction through habeas or state post-judgment remedies—a requirement for the *Heck* bar to apply in this Circuit. *Martin v. City of Boise*, 920 F.3d 584, 613 (9th Cir. 2019). And even if Duarte's claims directly challenged the criminal legal process against him, *McDonough* would not preclude his

6

claims because the prosecution ended in his favor, without a conviction. *See Thompson*, 142 S. Ct. at 1341.

### A. *The* Heck *bar does not apply because the claims do not imply that a conviction is invalid.*

The *Heck* bar is triggered only when there exists a still-valid conviction. *Heck*, 512 U.S. at 486–87. That condition is missing here because no judgment of conviction was entered; the criminal case against Duarte was dismissed.

### i. *Heck* does not apply without a conviction.

*Heck* established a bar limited to § 1983 claims that, if successful, "would render a conviction or sentence invalid." *Id.* at 486. Under this bar, a plaintiff who has been convicted of a crime may not proceed with any § 1983 claims that would necessarily undermine the conviction unless the conviction has already been invalidated. *Id.* at 486–87.

This rule reflects its purpose. The Supreme Court crafted the rule to prevent litigants from using § 1983 to skirt around the more onerous requirements of the federal habeas corpus statute, 28 U.S.C. § 2254. Both a successful habeas petition and some successful § 1983 claims necessarily imply the unlawfulness of a conviction or sentence. But whereas the habeas statute requires a claimant to exhaust available state

remedies, § 1983 does not include an exhaustion requirement. *See Patsy v. Bd. of Regents*, 457 U.S. 496, 500–01 (1982). To close this loophole, the Court designed the *Heck* bar, which screens out "§ 1983 damages claims that do call into question the lawfulness of conviction or confinement." *Heck*, 512 U.S. at 483; *see id.* at 480; *id.* at 491–92 (Souter, J., concurring in judgment).

The *Heck* decision itself perfectly demonstrates this. The question in *Heck* was "whether a state prisoner may challenge the constitutionality *of his conviction* in a suit for damages under 42 U.S.C. § 1983." 512 U.S. at 478 (emphasis added).[6] The Court answered: No, unless the conviction has already been invalidated. *See id.* at 486–87. In doing so, the Court focused on specific, narrow concerns with (1) collateral attacks on "the validity of outstanding criminal judgments," *id.* at 486, and (2) the intersection between § 1983 and the habeas statute, *id.* at 480–83.

Mirroring these two concerns, the Court repeatedly emphasized that the *Heck* bar is limited to claims that "necessarily imply the

---

[6] *See also id.* at 480 n.2 (stating the question as "whether money damages premised on an *unlawful conviction* could be pursued under § 1983" (emphasis added)).

invalidity of [the § 1983 plaintiff's] conviction or sentence." *Id.* at 487; *see id.* at 484–90. After all, a successful § 1983 claim conflicts with a state criminal judgment only when there exists a still-valid judgment of conviction. Likewise, the habeas statute and § 1983 intersect only when a state prisoner obliquely "challenge[s] . . . the fact or duration of his confinement" in a § 1983 claim. *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). They do not collide when, like here, a prosecution ends in some way other than a judgment of conviction. *See infra*, Part I.A.iii.

Because the *Heck* bar applies only when there exists an outstanding conviction, the appropriate question here is whether Duarte's no-contest plea agreement is a "conviction" that triggers the *Heck* bar. It is not.

### ii. Duarte was not convicted.

As the Supreme Court clarified in *Wallace v. Kato*, a conviction for purposes of the *Heck* bar is an "outstanding criminal judgment." 549 U.S. at 393; *see also Heck*, 512 U.S. at 487 (referring to a conviction as an "outstanding criminal judgment"). That is why the *Heck* bar is lifted only by invalidation of the conviction in one of four ways: (1) reversal on appeal, (2) expungement, (3) a writ of habeas corpus, or (4) state post-conviction relief. *See Heck*, 512 U.S. at 487. The Court in *Heck* did not

address any concerns with § 1983 claims that undermine other aspects of pending criminal proceedings—only the final result of a conviction.[7]

Nobody disputes that the state criminal court never entered a judgment of conviction. That should have ended the *Heck* inquiry. Without an outstanding conviction that could be invalidated in one of the four ways specified in *Heck*, the *Heck* bar was never triggered.[8]

The Supreme Court's ruling in *Wallace* drives home the point. In *Wallace*, the Court explained that a plaintiff may bring a § 1983 claim for wrongful arrest any time before a conviction is entered, even if the plaintiff is in custody. 549 U.S. at 388, 393. More specifically, the Court observed that the *Heck* bar would not prevent the plaintiff from bringing his § 1983 claim any time between the claim's accrual (when the allegedly

---

[7] The Court *did* address other concerns in 2019, when it crafted the *McDonough* rule for § 1983 claims that impugn the underlying legal process. But, like the Court's concern in *Heck* with outstanding criminal convictions, the Court's concern in *McDonough* with the legal process is not implicated here. *See infra*, Part I.B.

[8] The Supreme Court's instructions for determining whether the *Heck* bar applies are crystal clear: "[C]onsider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his *conviction or sentence*." 512 U.S. at 487 (emphasis added). If the plaintiff's (successful) action will not "demonstrate the invalidity of any *outstanding criminal judgment* against the plaintiff, the action should be allowed to proceed." *Id.* (emphasis added).

wrongful arrest occurred) and the entry of a criminal conviction. *See id.* at 392–95. This included the time when the plaintiff was "held pursuant to legal process"—that is, after a probable-cause finding. *Id.* at 393. Even then, the *Heck* bar did not apply because "there was in existence no criminal conviction that the cause of action would impugn." *Id.*

*Wallace* is instructive for this case because, like the *Wallace* plaintiff, Duarte brought § 1983 claims that accrued before any conviction was entered. He also entered a plea agreement whereby (upon completing community service) his case was dismissed before reaching a judgment. As *Wallace* confirmed, *Heck* does not prevent Duarte from bringing § 1983 claims before a conviction is entered, regardless of whether the agreement was carried out. If *Heck* does not bar claims while the prosecution is ongoing, then it also does not bar claims after the criminal case is dismissed.

### iii. Even if Duarte's plea agreement is treated as a "conviction," *Heck* would still not apply.

Even if we assume that Duarte's plea agreement is a "conviction" under *Heck*, the *Heck* bar would still not apply under this Court's precedent because Duarte could not seek relief through a writ of habeas corpus, a direct appeal, or state post-conviction process.

11

Again, the *Heck* bar was designed to navigate the intersection of the federal habeas statute and § 1983 claims that imply a conviction's invalidity. *Heck*, 512 U.S. at 480. Because the habeas statute and § 1983 do not intersect unless a plaintiff can seek habeas relief, this Court applies the *Heck* bar not to *all* claims that would necessarily imply the invalidity of a conviction or sentence, but only to those that are brought by a person who can seek habeas relief (or who can at least seek state-court invalidation of a conviction through direct appeal or post-conviction relief). *See Martin*, 920 F.3d at 613.[9] Without imprisonment, Duarte could not seek habeas relief. And without a criminal judgment, he could not seek

---

[9] The Ninth Circuit has company in concluding that *Heck* does not apply to all § 1983 claims that would impugn a conviction or sentence. Five Justices and at least four other circuit courts have taken similar views. *See Heck*, 512 U.S. at 500 (Souter, J., joined by three other Justices, concurring in judgment, concluding that *Heck* should not apply when individuals are "not 'in custody' for habeas purposes"); *Spencer v. Kemna*, 523 U.S. 1, 21–22 (1998) (Ginsburg, J., concurring) (announcing agreement with Justice Souter's separate opinion in *Heck*); *id.* at 25 n.8 (Stevens, J., dissenting, agreeing with Justice Souter's view of the *Heck* bar); *Cohen v. Longshore*, 621 F.3d 1311, 1315–17 (10th Cir. 2010) (citing cases from other circuits). *See also Proventud v. City of New York*, 715 F.3d 57, 61 (2d Cir. 2013) (concluding that the *Heck* bar is removed when a prisoner's custody ends), *resolved en banc on other grounds*, 750 F.3d 121 (2d Cir. 2014); *Savory v. Cannon*, 947 F.3d 409, 431–34 (7th Cir. 2020) (en banc) (Easterbrook, J., dissenting).

invalidation of his "conviction" by a direct appeal or post-conviction relief in state court. So even if his plea agreement were a "conviction" under *Heck*, the *Heck* bar is no obstacle to his claims.

### B. *The* McDonough *rule does not apply because the claims do not directly challenge the prosecution.*

Although the district court stated that it was applying *Heck*, its decision looks like an application of the *McDonough* rule, which applies without a conviction. In *McDonough*, the plaintiff had been acquitted of all criminal charges and brought a § 1983 claim alleging that the prosecutor fabricated evidence used against him in the criminal prosecution. 139 S. Ct. at 2153, 2155. Because there was no conviction, *Heck* did not apply. *Id.* at 2155, 2158. Instead, the Court determined that, because the plaintiff's § 1983 claim directly challenged the prosecution itself, his claim did not accrue until the criminal proceedings ended in his favor. *Id.* at 2159. Even though this rule applies in the absence of a conviction, it does not apply to Duarte's claims because they do not impugn the methods used in his prosecution. What's more, even if the *McDonough* rule applied, it would still not preclude the claims because the prosecution ended in Duarte's favor, without a conviction. *Thompson*, 142 S. Ct. at 1335, 1341.

### i. *McDonough* applies only to claims that directly challenge the prosecution itself.

The Court in *McDonough* explained that the rule established in that case derived from some of the same principles as the *Heck* bar. 139 S. Ct. at 2156–59; *see also Thompson*, 142 S. Ct. at 1338. But it also clarified how this new rule differs from the *Heck* bar. *McDonough*, 139 S. Ct. at 2156–59. To start, the Court recognized that the *Heck* bar applies only to § 1983 claims that "collateral[ly] attack . . . a criminal judgment," whereas the rule in *McDonough* operated in the absence of a criminal judgment. *Id.* at 2155, 2159. After all, the *McDonough* plaintiff was acquitted. Next, the *McDonough* rule applies only when a § 1983 claim challenges the validity of the legal proceedings against the accused. *Id.* at 2158. Ultimately, the Court in *McDonough* designed this rule: If a § 1983 claim directly challenges the prosecution itself, it does not accrue unless and until the prosecution ends in the accused's favor. *Id.* at 2159.

The Court arrived at this rule by adopting a feature of common-law malicious-prosecution claims—namely, that the plaintiff's cause of action was complete "only once the criminal proceedings against him terminated in his favor." *Id.* at 2159; *cf. id.* at 2156–57; *Thompson*, 142 S. Ct. at 1338; *Heck*, 512 U.S. at 484.

14

Adopting this feature was appropriate, the Court explained, because the plaintiff's § 1983 claim "directly challenge[d]—and thus necessarily threaten[ed] to impugn—the prosecution itself." *McDonough*, 139 S. Ct. at 2159. This contrasts with claims, like the one in *Wallace*, that challenge conduct occurring before, or otherwise outside of, the legal process. *Id.* at 2159; *Wallace*, 549 U.S. at 389 (unlawful arrest). In sum, whereas the *Heck* bar requires a conviction, the *McDonough* rule does not require a conviction, but applies only to claims that directly challenge the prosecution itself. Duarte's claims do not fall into this category.

### ii.    These claims do not challenge the prosecution.

Duarte's claims for false arrest and excessive force do not challenge the prosecution against him. Instead, they challenge only conduct that happened before any legal process began—that is, before a magistrate found probable cause or a prosecutor filed charges.

To determine whether the *McDonough* rule applies, a court must identify the § 1983 claim's composition and prerequisites. *See Thompson*, 142 S. Ct. at 1337; *Manuel v. City of Joliet*, 137 S. Ct. 911, 920 (2017). This is done by "look[ing] first to the common law of torts" as a guide. *Manuel*, 137 S. Ct. at 920; *see, e.g.*, *McDonough*, 139 S. Ct. at 2156, 2159;

*Wallace*, 549 U.S. at 389–90. The claim may invoke the *McDonough* rule when the closest common-law analogue is malicious prosecution. *See McDonough*, 139 S. Ct. at 2156; *Thompson*, 142 S. Ct. at 1338. This is the case when—like the fabricated-evidence claim in *McDonough*—the § 1983 claim directly targets the legal process initiated against the accused. 139 S. Ct. at 2156; *see also Thompson*, 142 S. Ct. at 1337 (claim for unreasonable seizure pursuant to legal process). That kind of claim invokes the *McDonough* rule: The claim does not accrue unless and until the prosecution has ended in the accused's favor—that is, without a conviction. *Thompson*, 142 S. Ct. at 1341.

Because Duarte's claims for false arrest and excessive force do not directly challenge the legal process against him, they are not analogous to common-law malicious prosecution and do not invoke the *McDonough* rule. Nobody disputes that the officers used force on and arrested Duarte without a warrant. This means the challenged conduct occurred before any legal process began and the claims cannot target the legal process itself. In this way, Duarte is like the *Wallace* plaintiff, whose claim had "a life independent of an ongoing trial or putative future conviction."

*McDonough*, 139 S. Ct. at 2159. Accordingly, the *McDonough* rule—like the *Heck* bar—does not come into play.

> ### iii. Even if the *McDonough* rule applied, it would not preclude Duarte's claims because the prosecution terminated in Duarte's favor.

Duarte's claims would proceed even if the *McDonough* rule applied. This is because the *McDonough* rule is not an absolute bar on claims that target the underlying criminal legal process but instead prevents those claims from accruing only when the criminal prosecution did not end in the accused's favor. 139 S. Ct. at 2158. As the Supreme Court recently clarified in *Thompson v. Clark*, the criminal prosecution ends in the accused's favor when it "end[s] without a conviction"; the § 1983 plaintiff does not have to show the prosecution ended in a way indicating the accused's innocence. *Thompson*, 142 S. Ct. at 1335.

Here, the prosecution against Duarte satisfied the *McDonough* rule because it ended without a conviction. Indeed, the case was dismissed before reaching a judgment. So, under *Thompson*, even if the *McDonough* rule applied, Duarte has overcome it.

**C.** ***The district court's decision exceeds the limits of both the* Heck *bar and the* McDonough *rule.***

The district court veered off course by combining the most plaintiff-hostile aspects of the *Heck* bar and the *McDonough* rule. Specifically, the court required the criminal proceeding against Duarte to have ended in his favor without an outstanding criminal judgment or a challenge to the prosecution itself. The court treated the no-contest plea—which a court never accepted and which did not lead to a judgment—as a "conviction" and the community-service hours as a "sentence" that invoked the *Heck* bar.[10] The court then concluded that the dismissal of the criminal case was not a favorable end to Duarte's prosecution. For support, the court relied on a Third Circuit case, *Gilles v. Davis*, 427 F.3d 197 (3d Cir. 2005), that predated *Wallace*. But in the years since the Third Circuit's ruling

---

[10] Given *Heck*'s concerns with conflicting judgments and the intersection of § 1983 and the federal habeas statute, a "sentence" under *Heck* is the "confinement" imposed as punishment upon a judgment of conviction, confinement which a prisoner could challenge in a habeas petition. *Heck*, 512 U.S. at 483. Even if a "sentence" were broader than a term of confinement, it would not implicate *Heck*'s concern with conflicting judgments unless it accompanies a judgment of conviction. So a "sentence" for *Heck* purposes must at least accompany a judgment of conviction. *See also* Black's Law Dictionary (11th ed. 2019) (defining "sentence" with reference to a "judgment of conviction").

in *Gilles*, the Supreme Court has clarified that the *Heck* bar applies only when there exists an "outstanding criminal judgment" that could be invalidated by reversal on direct appeal, expungement, habeas relief, or state post-conviction relief. *Wallace*, 549 U.S. at 393; *see McDonough*, 139 S. Ct. at 2155.[11]

Notably, other circuits have adhered to *Heck*'s limits, declining to apply the *Heck* bar in the absence of a conviction. *See Mitchell v. Kirchmeier*, 28 F.4th 888, 895–96 (8th Cir. 2022); *Smalls v. Collins*, 10 F.4th 117 (2d Cir. 2021); *Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1095 (10th Cir. 2009); *S.E. v. Grant Cnty. Bd. of Educ.*, 544 F.3d 633, 637–39 (6th Cir. 2008); *McClish v. Nugent*, 483 F.3d 1231, 1250–52 (11th Cir. 2007). The courts in these cases, which post-date *Wallace*, have reasoned that agreements resulting in dismissal of charges do not create a conflict between a § 1983 judgment and a state criminal judgment, so the *Heck* bar

---

[11] *See also Muhammad v. Close*, 540 U.S. 749, 751 (2004) (per curiam) ("In *Heck* . . . , we held that where success in a prisoner's § 1983 damages action would implicitly question the validity of *conviction or duration of sentence*, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying *conviction or sentence*." (emphases added)).

simply does not apply.[12] Like here, the agreements in those cases involved the accused avoiding a conviction by agreeing to conditions. The Eighth Circuit also recently explained why the Third Circuit's decision in *Gilles* is unpersuasive[13]: applying the *Heck* bar when the prosecution ended in dismissal of the charges—even if the dismissal was based on an agreement—conflicts both with "what the Court said in *Heck*" and with "what the Court has consistently held since." *Mitchell*, 28 F.4th at 896 (citing *Wallace,* 549 U.S. at 393).

Unlike the district court here, the Second, Sixth, Eighth, Tenth, and Eleventh Circuits did not base their decisions on whether the accused's agreement conflicts with a § 1983 claim. And rightly so—an agreement that does not lead to a conviction is irrelevant under *Heck* because the

---

[12] *See Mitchell*, 28 F.4th at 895–96; *Smalls*, 10 F.4th at 141–42; *Vasquez*, 589 F.3d at 1095; *McClish*, 483 F.3d at 1251; *see also Grant Cnty. Bd. of Educ.*, 544 F.3d at 639.

[13] The district court in that Eighth Circuit case had gone down a similar mistaken path to the district court here, relying on *Gilles* to apply the *Heck* bar to a plaintiff whose underlying criminal prosecution ended without a conviction. The Eighth Circuit corrected the error, explaining that *Heck* is no bar to claims in the absence of a conviction. *Mitchell*, 28 F.4th at 896.

agreement itself is not an outstanding criminal judgment, which is necessary to trigger the *Heck* bar.

For this reason, the district court did not need to consider (and should not have considered) whether the no-contest plea, community-service hours, and dismissal of charges was a favorable termination of the prosecution.[14] Neither the *Heck* bar nor the *McDonough* rule called for that analysis. In fact, *Heck* instructed against it. *See* 512 U.S. at 487 ("[I]f the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.").

Ultimately, the district court here adopted a variant of the *Heck* bar that cannot be squared with *Heck* or *McDonough*. That variant rule

---

[14] Although the distinction sometimes gets lost in cases like this, there is an important difference between (a) whether the *Heck* bar (or the *McDonough* rule, for that matter) applies in the first place and (b) whether disposition of a criminal proceeding, including a conviction, is a "favorable termination." *See McClish*, 483 F.3d at 1251 ("The issue is not, as the district court saw it, whether [the plaintiff's] participation in [pretrial intervention] amounted to a favorable termination on the merits. Instead, the question is an antecedent one—whether *Heck* applies at all since [the plaintiff] was never convicted of *any* crime."); *accord Cabot v. Lewis*, 241 F. Supp. 3d 239, 251 n.10 (D. Mass. 2017).

extends *Heck* in two ways—by eliminating the criminal-conviction requirement and by eliminating the requirement that the plaintiff have had the opportunity to invalidate the relevant conviction through habeas or state-court proceedings. And the district court's variant rule extends *McDonough* in two ways—by stretching *McDonough*'s favorable-termination requirement beyond challenges to the prosecution itself and by concluding that a dismissed criminal case ended unfavorably for Duarte. The hybrid test is flatly inconsistent with Supreme Court and Ninth Circuit precedent, and this Court should reject it.

## II. The district court's decision imposes a burdensome penalty that threatens the criminal-justice system's integrity and undermines government accountability.

The district court's holding imposes a new penalty on individuals whose rights were violated outside the legal process, who were later charged with a crime, and who agreed to conditions in exchange for the charge's dismissal. These individuals, who are presumed innocent, are stripped of the opportunity to hold government officials accountable in a § 1983 action for violating their constitutional rights.

This is troubling for two main reasons. First, these individuals already face a host of life-damaging challenges simply because they briefly

22

encountered law enforcement. For example, if a person was arrested—even unlawfully or mistakenly—her arrest record may factor into not only hiring and immigration decisions but also eligibility for occupational licenses, social welfare benefits, loans, and housing. *See Utz v. Cullinane*, 520 F.2d 467, 480 (D.C. Cir. 1975) (acknowledging "the considerable barriers that an arrest record interposes to employment, educational, and professional licensing opportunities" and citing cases).  In the words of Justice Sotomayor, an arrest record alone leads to "the 'civil death' of discrimination by employers, landlords, and whoever else conducts a background check." *Utah v. Strieff*, 579 U.S. 232, 253 (2016) (Sotomayor, J., dissenting). In effect, a criminal record imposes punishment in the absence of a conviction. And this strains the principle that a person is presumed innocent until proven guilty.

To strain that principle further, the district court's decision—if not reversed—would establish the following: If a criminal defendant pleads "no contest" and agrees to any conditions in exchange for the dismissal of charges, then regardless of whether her plea was accepted, she may not vindicate her constitutional rights, even if they were violated before the prosecution began, as Duarte's rights allegedly were here. This rule

would create a strange disparity in *Heck*'s application. The *Heck* bar would *not* apply to those whose convictions have been invalidated, but it *would* apply to those who were never convicted in the first place.

Another troubling result is decreased government accountability that threatens the criminal-justice system's integrity. Under the district court's decision, officers who violate a person's constitutional rights are given a free pass if that person enters a pre-judgment agreement. And prosecutors have immense power to shield law enforcement officers from civil litigation by entering such an agreement. This interplay between criminal process and shielding officers from civil liability for unconstitutional acts undermines the criminal justice system's integrity and subverts the purpose of § 1983, which is to provide a federal forum to remedy constitutional violations. *See Monroe v. Pape*, 365 U.S. 167, 171 (1961) ("Its purpose is plain from the title of the legislation, 'An Act to enforce the Provisions of the Fourteenth Amendment to the Constitution of the United States, and for other Purposes.'"), *overruled in part by Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

## CONCLUSION

The district court's rule applying the *Heck* bar to Duarte's claims not only departs doctrinally from Supreme Court and Ninth Circuit precedent but also imposes a penalty on people who were never convicted, sheltering officers from accountability for their unlawful conduct. The district court's ruling should be reversed.

Dated: April 19, 2022

<div style="margin-left:40%">

/s/ Marie Miller
Marie Miller
Anya Bidwell
Patrick Jaicomo
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, VA 22203
(703) 682-9320
mmiller@ij.org
abidwell@ij.org
pjaicomo@ij.org

*Counsel for Amicus Curiae*
*Institute for Justice*

</div>

25

## FORM 8. CERTIFICATE OF COMPLIANCE FOR BRIEFS
## 9TH CIR. CASE NUMBER 21-16929

I am the attorney or self-represented party.

**This brief contains 5,406 words,** excluding the items exempted by Fed. R. App. P. 32(f). The brief's type size and typeface comply with Fed. R. App. P. 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[ ] complies with the word limit of Cir. R. 32-1.

[ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[X] is an **amicus** brief and complies with the word limit of Fed. R. App. P. 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
    [ ] it is a joint brief submitted by separately represented parties;
    [ ] a party or parties are filing a single brief in response to multiple briefs; or
    [ ] a party or parties are filing a single brief in response to a longer joint brief.

[ ] complies with the length limit designated by court order dated _____.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** /s/ Marie Miller               **Date** April 19, 2022